# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | Case No. 3:19-cr-00089-TMR |
| : | |
| v. : | |
| : | Judge Thomas M. Rose |
| DESHAUN THOMPSON, : | |
| : | |
| Defendant. : | |

## ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE (DOC. 42)

This case is before the Court on pursuant to a letter submitted by Deshaun Thompson ("Thompson") that the Court will treat as a Motion for Compassionate Release (Doc. 42) (the "Motion"). Thompson is currently incarcerated at FCI [Federal Correctional Institution] Elkton in Ohio. The United States (the "Government") filed a Response (Doc. 44) (the "Response"), in which the Government opposes the motion and asks the Court to deny it. Thompson did not file a reply, and the time to do so has now passed.[1] Thompson previously filed another motion for compassionate release, which this Court denied for failure to fulfill the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A). (Docs. 35 and 36.) The current motion is ripe for review.[2] For the reasons set forth below, the Court **DENIES** the Motion.

---

[1] Pursuant to a Notation Order entered on September 24, 2020, the Court permitted Thompson, through his appointed counsel, to file a reply to the Government's Response, if he chose to do so, on or before October 16, 2020. That date passed without a reply being filed.

[2] Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020) ("If the Director of the Bureau of Prisons does not move for compassionate release, a prisoner may take his claim to court only by moving for it on his own behalf. To do that, he must fully exhaust all

1

## I. BACKGROUND

The Government filed an Information on May 20, 2019, charging Thompson with one count of conspiracy to distribute a mixture or substance containing detectable amounts of acetyl fentanyl and fentanyl, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c) and 846. (Doc. 21.) On July 16, 2019, Thompson pleaded guilty, pursuant to a plea agreement. (Doc. 26.) The Statement of Facts, signed by Thompson and his attorney, states:

> On or about February 21, 2019, in the Southern District of Ohio, DESHAUN L. THOMPSON ("THOMPSON"), Keprece Render, and Adam Johnson conspired to knowingly and intentionally possess with intent to distribute and to distribute valeryl fentanyl and fentanyl.
>
> On February 21, 2019, Johnson, observed by law enforcement, arrived at THOMPSON and Render's apartment building at 1958 Evangeline Drive. Johnson was driving a black Ford Expedition with tinted windows and a Michigan license plate. Johnson went into THOMPSON and Render's apartment, and all three came out a few minutes later. The three of them got into the Ford Expedition. . . .
>
> Johnson drove the Ford Expedition to a Menards parking lot in Miamisburg, Ohio. An unidentified woman approached the Ford Expedition on foot and engaged in a drug transaction with the vehicle's occupants. . . .
>
> Johnson eventually drove to the Cincinnati Premium Outlets at 400 Premium Outlets Drive in Monroe, Ohio. Johnson parked the Ford Expedition, and the three occupants got out and walked into the Outlets. Prior to entering the Outlets, Render discarded a bag beneath a car parked next to the Ford Expedition. Officers subsequently recovered the bag, which was submitted to the Miami Valley Regional Crime Laboratory ("MVRCL") and found to contain: (i) approximately 27.83 grams of substance or mixture containing valeryl fentanyl and fentanyl; and (ii) 42 gel capsules – with a combined gross weight of approximately 2.31 grams – of a substance or mixture containing valeryl fentanyl and fentanyl, as well as acetyl fentanyl and heroin.

---

administrative rights to appeal with the prison or wait 30 days after his first request to the prison," and "[p]risoners who seek compassionate release have the option to take their claim to federal court within 30 days, no matter the appeals available to them") (internal quotation marks omitted) (alterations adopted). Thompson initially petitioned the Warden of FCI Elkton for compassionate release on or around April 23, 2020. (Doc. 42-1 at PAGEID # 123.) The parties agree that the Warden has not responded to that request. (Doc. 42 at PAGEID # 121; Doc. 44 at PAGEID # 131.) Thus, the exhaustion requirement is not at issue.

> Shortly after entering the Outlets, THOMPSON, Render, and Johnson were arrested. At the time of his arrest, THOMPSON was found to be in possession of five cell phones and $861.00 in United States currency.
>
> Later on February 21, 2019, after obtaining a search warrant, law enforcement searched THOMPSON and Render's apartment at 1958 Evangeline Drive. In his bedroom, THOMPSON had $5,045.00 in United States currency and two bags of narcotics later found by the MVRCL to contain: (i) approximately 27.75 grams of a substance or mixture containing acetyl fentanyl and fentanyl; and (ii) approximately 12.54 grams or a substance or mixture containing fentanyl. In the living room, law enforcement located a Glock 22 handgun bearing serial number VGP170. . . .

(Doc. 26 at PAGEID # 61.)

The Final Presentence Investigation Report ("PSI") regarding Thompson provided additional information about the circumstances of the offense, and it identified two juvenile adjudications, one adult criminal conviction, and one other minor conviction. (PSI ¶¶ 49-52.) Thompson is 20 years old. (*Id.* at p. 3.)

On October 20, 2019, the Court imposed a sixty-six-month term of incarceration (including any allowable credit for time spent in custody prior to sentencing); three years of supervised release with special conditions; a $100 special assessment; and forfeiture of property. (Doc. 33.) To date, Thompson has served a relatively small portion of his sentence. Approximately forty-seven months remain on his term of incarceration, and Thompson's scheduled release date is August 2, 2024. (Doc. 44 at PAGEID # 131.)

## II. ANALYSIS

Thompson asks the Court to "consider [him] for compassion [sic] release" and to consider what he alleges are extraordinary and compelling reasons for doing so, pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 42 at PAGEID # 122.)

3

**A. Legal Standards**

A district court has limited authority to modify a sentence. "Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Hammond*, 712 F.3d 333, 335 (6th Cir. 2013). Section 3582(c)(1)(A) grants such authority in certain limited circumstances. It provides in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court can modify a term of imprisonment if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) such a reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020); *United States v. Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, at *4, 2020 WL 5498932 (6th Cir. Sept. 2, 2020).

First, commentary to an applicable policy statement issued by the Sentencing Commission identifies four, relatively narrow, circumstances in which "extraordinary and compelling reasons" may exist.[3] United States Sentencing Commission, Guidelines Manual, § 1B1.13, at cmt. n. 1 (Nov. 1, 2018) (Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy

---

[3] *See* 28 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples").

4

Statement)). Those four circumstances are: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) other extraordinary and compelling reasons. *Id.* Each of the four circumstances has its own parameters. *Id.* Commentary also confirms that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." *Id.* at cmt. n. 3; *see also United States v. Keefer*, No. 19-4148, 2020 U.S. App. LEXIS 32723, at *6-7, 2020 WL 6112795 (6th Cir. Oct. 16, 2020) ("[i]n Application Note 1 to § 1B1.13, the Commission also listed the 'extraordinary and compelling reasons' that might entitle a defendant to a sentence reduction").

Second, that same applicable policy statement also requires that the defendant not be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.*; *see also Kincaid*, 802 F. App'x at 188; *Spencer*, 2020 U.S. App. LEXIS 28051, at *4 ("[t]he district court must also find that the defendant is not a danger to the safety of any other person or to the community") (internal quotation marks omitted). Section 3142(g) provides factors to be considered in making that "danger to the safety" determination.[4] 18 U.S.C. § 3142(g); *see also*

---

[4] Specifically, 18 U.S.C. § 3142(g) states:
 "(g) Factors to be considered. The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—
  (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591 [18 USCS § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
  (2) the weight of the evidence against the person;
  (3) the history and characteristics of the person, including—
   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required."

5

*United States v. Jones*, No. 20-3748, 2020 U.S. App. LEXIS 32451, at *4-5 (6th Cir. Oct. 14, 2020).

Third, the factors set forth in Section 3553(a) "include, among others, 'the nature and circumstances of the offense'; the defendant's 'history and characteristics'; the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, and afford adequate deterrence; and the need to avoid unwarranted sentencing disparities." *Jones*, 2020 U.S. App. LEXIS 32451, at *6 (quoting 18 U.S.C. § 3553(a)(1), (2), (6)).

Finally, it remains that "compassionate release is discretionary, not mandatory." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *Keefer*, 2020 U.S. App. LEXIS 32723, at *7 ("The statute's plain text makes evident the discretionary nature of a compassionate-release decision," and "the statute lists factors that, when present, *permit* a district court to reduce a sentence") (emphasis in original).

### B. Application

In his Motion, Thompson asserts that the Court should grant him compassionate release because of the COVID-19 pandemic, the conditions at FCI Elkton, and Thompson's recent positive COVID-19 tests. (Doc. 42 at PAGEID # 121; Doc. 42-1 at PAGEID # 125-26.) In Response, the Government argues that the Motion should be denied because Thompson has not demonstrated an extraordinary and compelling reason for compassionate release, and even if he did, Thompson is a threat to community safety and the Section 3553(a) sentencing factors do not favor release. (Doc. 44.)

Although the Government does not concede that Thompson has shown an "extraordinary and compelling reason" to warrant a reduction in his sentence, the Court will assume—without

deciding—that he has satisfied that requirement.[5]  However, as stated above, that does not end the Court's inquiry.  The Court still must consider whether Thompson is a danger to the safety of any other person or to the community.

Thompson pleaded guilty to an offense involving detectable amounts of fentanyl, and his prior criminal history includes a conviction for a drug-related offense (Doc. 26 at PAGEID # 56; PSI ¶ 51).  *United States v. Westine*, No. 20-5233, 2020 U.S. App. LEXIS 21418, at 3-4 (6th Cir. July 9, 2020) ("district courts may consider the nature of and circumstances of the offense … in addition to [the defendant's] age and health conditions"); 18 U.S.C. § 3142(g).  The presence of such a dangerous and lethal drug as fentanyl mitigates against any finding that Thompson is no longer a threat to the community.  *See United States v. Marshall*, No. 18-cr-20491, 2020 U.S. Dist. Lexis 162919, at *6, 2020 WL 5369038 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of such fentanyl related offenses "weighs significantly against release").  Therefore, the Court finds that Thompson is "a danger to the safety of any other person or to the community, as provided by 18 U.S.C. § 3142(g)." U.S.S.C., Guideline Manual, § 1B1.13.

As part of its analysis, the Court also has considered the Section 3553(a) factors to the extent that they are applicable.  Several applicable factors weigh against granting the Motion.  For example, the Court finds that the "nature and circumstances of the offense" do not favor early release, for the reasons set forth above.  18 U.S.C. § 3553(a)(1).  Additionally, the Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the

---

[5] The Court emphasizes that is does not find any circumstances (separately or combined) alleged by Thompson to qualify as "extraordinary and compelling reasons [that] warrant a reduction" of his sentence.  18 U.S.C. § 3582(c)(1)(A)(i).  As shown herein, the Court need not address that question to decide the Motion.  *See Keefer*, 2020 U.S. App. LEXIS 32723, at *16 ("Even if Keefer's health condition is 'extraordinary and compelling,' the district court retained discretion to conclude that his individual circumstances did not warrant a sentence reduction").

7

law, provide just punishment, afford adequate deterrence for criminal conduct, and protect the public from further crimes of the defendant do no favor early release. 18 U.S.C. § 3553(a)(2)(A)-(C). Thompson has approximately 70% of his sentence remaining. (Doc. 44 at PAGEID # 138.) Releasing Thompson with so much time remaining on his sentence, especially when his crimes involved the distribution of a dangerous and lethal drug like fentanyl, "minimizes both the impact of [his] crime and seriousness of [his] offense." *Chambliss*, 948 F.3d at 694; *see also Kincaid*, 802 F. A'ppx at 188 ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate").

In summary, in addition to finding that Thompson is a threat to the community, the Court finds that consideration of the applicable Section 3553(a) factors further supports the denial of the Motion. *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (affirming denial of a compassionate release motion where "the District Court reasonably concluded that several of the § 3553(a) factors—including … the need to reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence—counsel against compassionate release …"). While the Court is sympathetic to Thompson's condition and wishes him a healthy recovery from testing positive for COVID-19, the Court finds that the danger he poses to the community, as well as the 18 U.S.C. § 3553(a) sentencing factors, counsel against granting him compassionate release.

### III. CONCLUSION

Thompson does not meet the requirements necessary to be granted relief under 18 U.S.C. § 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release (Doc. 44).[6]

---

[6] The Court acknowledges the valuable contribution and assistance of judicial extern Ashley Oravetz in drafting this order.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, October 22, 2020.

                  s/Thomas M. Rose

                  _____

                  THOMAS M. ROSE
                 UNITED STATES DISTRICT JUDGE